IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:04-CR-49-FL-1
No. 4:16-CV-102-FL

| | | |
|---|---|---|
| BILLY LEE SNIPES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's second motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 51), which asserts claims referencing Johnson v. United States, 135 S. Ct. 2551 (2015). The government filed a response in opposition, and petitioner replied. Petitioner also filed a letter regarding his release date (DE 57). For the reasons that follow, the court dismisses the instant motion.

## BACKGROUND

On May 25, 2005, upon petitioner's guilty plea, the court entered a judgment of conviction of petitioner for the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924, imposing a term of imprisonment of 180 months and 5 years supervised release. The court of appeals affirmed the conviction on May 9, 2006.

On August 16, 2012, petitioner filed a first motion to vacate under 28 U.S.C. § 2255, asserting that two of three predicate convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), were invalid pursuant to United States v.

Simmons, 649 F.3d 237 (4th Cir. 2011). Upon the government's motion to dismiss, asserting inter alia that the motion to vacate was untimely, the court denied petitioner's first motion to vacate on February 19, 2013.

On June 10, 2016, the United States Court of Appeals for the Fourth Circuit granted petitioner authorization to file a second or successive § 2255 motion. In its order, the Fourth Circuit states that petitioner "has made a prima facie showing that a new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case." (DE 50). The Fourth Circuit further states, "[w]e grant authorization for Snipes to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance." (DE 50).

On June 11, 2016, by appointed counsel, petitioner filed the instant motion which asserts a claim on the following basis: "the sentence exceeds the maximum punishment under the law in light of Johnson v. United States, 125 S. Ct. 2551 (2015)." (DE 51 at 4). As supporting facts, petitioner asserts that his prior North Carolina convictions for assault with a deadly weapon with intent to kill (AWDWIK) and voluntary manslaughter are not valid predicate convictions for ACCA after the decision in Johnson. (Id.) Petitioner also asserts that his 1990 North Carolina convictions for possession with intent to sell and deliver cocaine and sale of cocaine are not valid predicate convictions for ACCA after the decision in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). (Id.).

In opposition, the government argues that Johnson does not apply to invalidate petitioner's AWDWIK and voluntary manslaughter convictions, and that the court lacks jurisdiction to

2

resentence petitioner on the basis of Newbold, even though the government concedes Newbold precludes use of petitioner's 1990 drug convictions as ACCA predicates. Petitioner urges the court to proceed with resentencing forthwith, and he notes in letter to the court that he may be released to a halfway house this month or next month, and his total term of imprisonment is set to conclude July 19, 2017.

**DISCUSSION**

A.   Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

As noted by the Fourth Circuit in the instant matter, petitioner has filed a second or successive motion that makes a prima facie showing that a new rule of constitutional law announced in Johnson "may apply to his case," thus "permitting consideration of the motion by the district court in the first instance." (DE 50). Upon such careful consideration of the motion and the record in the first instance, for the reasons stated below, the court concludes that the new rule of constitutional law announced in Johnson does not apply to petitioner's case. Therefore, the court lacks jurisdiction

3

to consider the motion. See 28 U.S.C. §§ 2244(b)(2), 2255(f)(3) & (h); Welch, 136 S. Ct. at 1264.

In Johnson, the Supreme Court invalidated the residual clause of the ACCA. In particular, Johnson determined that "[t]he end of subsection (ii) [of ACCA, 18 U.S.C. § 924(e)(2)(B)] – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – . . . . [is] vague and invalid." Welch, 136 S. Ct. at 1261 (citing Johnson, 135 S. Ct. 2555-2556). None of petitioner's predicate convictions, however, depends on application of the residual clause.

Petitioner challenges use of three North Carolina predicate convictions, as noted above: (1) AWDWIK, (2) voluntary manslaughter, and (3) possession with intent to sell and deliver cocaine and sale of cocaine. The government asserts that AWDWIK and voluntary manslaughter are ACCA predicates on the basis of the "element[s]" provision of ACCA, i.e., that both offenses have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). As petitioner notes, determination of whether these offenses qualify under such provision is based upon application of the categorical approach. See, e.g., Descamps v. United States, 133 S.Ct. 2276, 2283 (2013); United States v. Vinson, 805 F.3d 120, 125 (4th Cir. 2015).

Application of the categorical approach to AWDWIK and voluntary manslaughter is not dependent upon any new rule of constitutional law applicable on collateral review. Indeed, for example, the critical case law for determining whether AWDWIK is a violent felony includes a North Carolina Supreme Court case from 2000, State v. Jones, 353 N.C. 159, 166 (2000), as well as various Supreme Court and Fourth Circuit cases other than Johnson, 135 S. Ct. 2555-2556. See, e.g., Vinson, 805 F.3d at 125; United States v. Peterson, 629 F.3d 432, 437 (4th Cir. 2011); United States v. Geddie, 125 F. Supp. 3d 592, 601 (E.D.N.C. 2015) (holding that offense of "assault with

4

deadly weapon with intent to inflict serious injury" did not qualify as violent felony under the ACCA).

While petitioner is correct that this court has applied such law to invalidate AWDWIK as a ACCA predicate conviction at a recent sentencing, see United States v. Jason Batts, No. 7:14-CR-49-FL (E.D.N.C. Nov. 4, 2015, sentencing hearing transcript at 11-12), this court has not applied such law to vacate a conviction on collateral review, through a second or successive § 2255 motion. The difference is critical, and the jurisdictional limitations in § 2255 serve as a bar to adjudication of petitioner's challenge to application of the AWDWIK and voluntary manslaughter predicates in the instant case. See Welch, 136 S. Ct. at 1264 (noting that the critical question to applicability of a new rule on collateral review "is whether that new rule falls within one of the two categories that have retroactive effect under Teague [v. Lane, 489 U.S. 288 (1989)]").

The same principle bars consideration of petitioner's challenge to application of his 1990 drug convictions, on the basis of the new rule announced in Newbold, 791 f.3d at 462, even though the government concedes the 1990 drug convictions now are invalid predicates in light of that case. Newbold, decided approximately ten years after petitioner's conviction in the instant case, did not announce a new rule of constitutional law made retroactive on collateral review by the Supreme Court. See Welch, 136 S. Ct. at 1264.

The government suggests, nonetheless, that petitioner may pursue his Newbold claim under 28 U.S.C. § 2241, and petitioner urges the court in the interest of efficiency to simply "move forward with resentencing," despite jurisdictional formalities, where the government has conceded petitioner is no longer an armed career criminal. (DE 56 at 4). This the court may not do. As an

5

initial matter, the government does not concede that petitioner should be resentenced on the basis of Newbold or Johnson, and the government has not waived any defenses to such claims. In addition, even with the government's concession that Newbold renders one of petitioner's predicate convictions invalid as an ACCA predicate, petitioner has not demonstrated an entitlement to resentencing under 28 U.S.C. § 2241.

A petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)). If a petitioner brings a §2241 motion that does not fall within the scope of this "savings clause," any "such unauthorized habeas motion must be dismissed for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Here, where petitioner has not filed a motion under § 2241, the issue is not squarely before this court. In any event, the court finds no authority at this time for treating petitioner's claim under Newbold as qualifying under the "savings clause" of § 2255(e). A similar issue presently is pending before the Fourth Circuit for rehearing en banc. See United States v. Surratt, 797 F.3d 240, 244 (4th Cir. 2015) (holding the district court lacked jurisdiction under § 2255(e) to consider Surratt's § 2241 petition based upon United States v. Simmons 649 F.3d 237 (4th Cir. 2011) (en banc)), reh'g en banc granted (Dec. 2, 2015), oral argument held (March 23, 2016). Accordingly, any resentencing on the basis of § 2241 is, at best, premature.

In sum, where the court lacks jurisdiction to consider petitioner's claims asserted in his § 2255 motion, the motion must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on the issue of whether this court has jurisdiction to consider petitioner's claims in his § 2255 motion.

**CONCLUSION**

Based on the foregoing, the court the court DISMISSES petitioner's motion to vacate (DE 51) for lack of jurisdiction. The court GRANTS a certificate of appealability on the terms described herein. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

7